IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**ROBIN L. GOLDSMITH,**

    **Plaintiff,**

v.                                     **CIVIL ACTION NO. 5:08cv171**
                                          **(Judge Stamp)**

**FRED QUEEN, Facilities Maintenance Instructor,**
**JIM IELPAI, Warden, Prunytown Correctional Center,**
**WEXFORD HEALTH SOURCES,**
**TERESA WAID, Warden, Huttonsville Correctional Center,**
**COMMISSIONER Jim RUBENSTEIN, WV Division of Corrections,**
**RONALD MORINO,**

    **Defendants,**

## REPORT AND RECOMMENDATION

On November 20, 2000, plaintiff initiated this case by filing a civil rights complaint under 42 U.S.C. §1983. Plaintiff is proceeding *pro se* and *in forma pauperis*. This case is before the undersigned for an initial review and report and recommendation pursuant to LR PL P 83.01, et seq., and 28 U.S.C. §§ 1915(e) and 1915(A).

**I. The Complaint**

In the complaint the plaintiff asserts that on April 22, 2008, he was given an educational assignment at Prunytown Correctional Center in facilities maintenance. The plaintiff also asserts that although he was not given safety training and instruction on the proper use of a jackhammer, he was placed in operation of this piece of heavy equipment on May 13, 2008, to complete work on a sidewalk. While using the jackhammer, the plaintiff alleges that he severed approximately one quarter of a finger on his left hand. The plaintiff alleges that this injury was caused by the defendants' failure

to properly train in with respect to using a jackhammer. The plaintiff further alleges that it was four hours after the injury before he was transported to Ruby Memorial Hospital. The plaintiff states although some treatment was given at the hospital, he continues to suffer constant pain as a result of the injury. The plaintiff also alleges that he remained deprived of adequate medical care at both Prunytown Correctional Center, and later, Huttonsville Correctional Center. As relief, the plaintiff seeks a declaratory judgment that the defendants violated his constitutional rights, an order directing the WVDOC to properly repair his injury, and compensatory damages.

## II. STANDARD OF REVIEW

Because plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must view the complaint to determine whether it is frivolous or malicious. Pursuant to 28 U.S.C. §1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. Complaints which are frivolous or malicious, must be dismissed. 28 U.S.C. §1915(e).

A complaint is frivolous if it is without merit either in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). However, the Court must read pro se allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972). A complaint filed *in forma pauperis* which fails to state a claim under Fed.R.Civ.P. 12( b)(6) is not automatically frivolous. See Neitzke at 328. Section 1915(e) dismissals should only be ordered when the legal theories are "indisputably meritless,"[1] or when claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25.32 (1992).

---

[1] Id. at 327.

2

This includes claims in which the plaintiff has little or no chance of success. See Estelle v. Gamble, 429 U.S. 97, 106 (1976).

### III. Analysis

#### A. Wexford Health Services

Although not specifically articulated, a liberal reading of the plaintiff's complaint indicates that he is attempting to state a claim under 42 U.S.C. § 1983 which provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

Therefore, in order to state a claim under 42 U.S.C. § 1983, the plaintiff must demonstrate that a person acting under color of state law deprived him of the rights guaranteed by the Constitution or federal laws. Rendall-Baker v. Kohn, 547 U.S. 830, 838 (1982). However, it is clear that Wexford Medical, Inc., is not a "person" for purposes of 42 U.S.C. § 1983 and it should be dismissed as a defendant in this action. See Brooks v. Pembroke City Jail, 722 F.Supp. 1294, 1301 (E.D.N.C. 1989)(claims under § 1983 are directed at 'persons" therefore, a jail, or the like, is not amendable to suit.

#### B. Jim Ielapi, Teresa Waid, Jim Rubenstein

In his complaint, plaintiff names Jim Ielapi in his capacity as the Warden of Prunytown Correctional Center; Teresa Waid in her capacity as the Warden of Huttonsville Correctional Center, and Jim Rubenstein in his capacity as the Commissioner of the West Virginia Division of Corrections.

However, the plaintiff does not alleges that any of these individuals was personally involved in the violation of his constitutional rights. Instead, plaintiff names them only in their official capacities.

There is no *respondeat superior* liability under § 1983. See Monnell v. Department of Social Services, 436 U.S. 658 (1978); see also Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1997). Instead, "liability will lie where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights." Vinnedge, supra. Nonetheless, when a supervisor is not personally involved in the alleged wrongdoing, he may be liable under § 1983 if a subordinate acts pursuant to an official policy or custom for which he is responsible. Fisher v. Washington Metropolitan Area Transit Authority, 690 F.2d 1113 (4th Cir. 1982). Similarly, a supervisor may be liable under § 1983 if the following elements are established: "(1) the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a 'pervasive and unreasonable risk' of constitutional injury to citizens like the plaintiff; (2) the supervisor's response to that knowledge was so inadequate as to show 'deliberate indifference to or tacit authorization of the alleged offensive practices,' and (3) there was an 'affirmative causal link' between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff." Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir.), cert. denied, 513 U.S. 813 (1994).[2]

Because the plaintiff fails to allege any personal involvement on the part of these defendants and does not make any allegations which reveal the presence of the required elements for supervisory liability, plaintiff fails to state a claim against either Ielapi, Waid or Rubenstein, and they should be dismissed as a defendants in this action.

---

[2]"Establishing a 'pervasive' and 'unreasonable' risk of harm requires evidence that the conduct is widespread, or at least has been used on several different occasions and that the conduct engaged in by the subordinate poses an unreasonable risk of harm or constitutional injury." Shaw, 13 F.3d at 799. "A plaintiff may establish deliberate indifference by demonstrating a supervisor's 'continued inaction in the face of documented widespread abuses.'" Id.

**C. Fred Queen**

The plaintiff alleges that Fred Queen is the facilities maintenance instructor at Prunytown. It would appear that the plaintiff is alleging that Mr. Queen failed to instruct him on the proper and safe handling of a jackhammer, and this failure led to the injury to his hand. Accordingly, a liberal reading of the plaintiff's complaint establishes a claim of deliberate indifference on the part of Mr. Queen and, he should be made to answer the allegation.

**D. David Proctor, D.O.**

To state a claim under the Eighth Amendment for ineffective medical assistance, the plaintiff must show that the defendant acted with deliberate indifference to his serious medical needs. Estelle, supra at 104.[3] In order to establish an Eighth Amendment violation, a prisoner must prove two elements: (1) that objectively the deprivation of a basic human need was "sufficiently serious," and (2) that subjectively the prison official acted with a "sufficiently culpable state of mind." Wilson v. Seiter, 501 U.S. 294, 298 (1991).

With regard to claims of inadequate medical attention, the objective component is satisfied by a serious medical condition. A medical condition is "serious" if "it is one that has been diagnosed by a physician as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Gaudreault v. Municipality of Salem, Mass., 923 F.2d 203, 208 (1st Cir.1990), *cert. denied*, 500 U.S. 956 (1991); Monmouth County Correctional Institutional Inmates v. Lanzaro, 834 F.2d 326, 347 (3rd Cir.1987), *cert. denied,* 486

---

[3]The cruel and unusual punishment clause of the Eighth Amendment applies to the States through the Due Process Clause of the Fourteenth Amendment to the United States Constitution. See Wilson v. Seiter, 501 U.S. 294 (1991).

U.S. 1006 (1988).[4]  A medical condition is also serious if a delay in treatment causes a life-long handicap or permanent loss. Monmouth 834 F.2d at 347.

The prisoner may satisfy the subjective component of a "cruel and unusual punishment" claim by showing deliberate indifference by prison officials. Wilson, 501 U.S. at 303. "[D]eliberate indifference entails something more than mere negligence [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." Farmer v. Brennan, 511 U.S. 825, 835 (1994).  Basically, a prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837.  "[A]cting or failing to act with deliberate indifference to a substantial risk to a prisoner is the equivalent of recklessly disregarding that risk." Id. at 836.  A prison official is not liable if he "knew the underlying facts but believed (albeit unsoundly) that the risk to which the fact gave rise was insubstantial or nonexistent." Id. at 844.

Based on the facts now before the Court, the undersigned finds that summary dismissal of the plaintiff's Eighth Amendment claim is not warranted and Dr. Proctor should be ordered to respond to the complaint.

**E. Ronald Morino**

---

[4] The following are examples of what does or does not constitute a serious injury.  A rotator cuff injury is not a serious medical condition. Webb v. Prison Health Services, 1997 WL 298403 (D. Kan.1997). A foot condition involving a fracture fragment, bone cyst and degenerative arthritis is not sufficiently serious. Veloz v. New York, 35 F.Supp.2d 305, 312 (S.D.N.Y. 1999). Conversely, a broken jaw is a serious medical condition. Brice v. Virginia Beach Correctional Center, 58 F. 3d 101 (4th Cir. 1995); a detached retina is a serious medical condition. Browning v. Snead, 886 F. Supp. 547 (S.D. W. Va. 1995). And, arthritis is a serious medical condition because the condition causes chronic pain and affects the prisoner's daily activities. Finley v. Trent, 955 F. Supp. 642 (N.D. W.Va. 1997).

6

Pursuant to Rule 8(a) of the Federal Rules of Civil Procedure, "[a] pleading which sets forth a claim for relief, whether an original claim, counter-claim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . (2) a short and plain statement of the claim *showing that the pleader is entitled to relief*, and (3) a demand for judgment for the relief the pleader seeks." (Emphasis added) "And, although the pleading requirements of Rule 8(a) are very liberal, more detail often is required than the bald statement by plaintiff that he has a valid claim of some type against defendant." Migdal v. Rowe Price-Fleming International, Inc., 248 F.3d 321, 326 (4th Cir. 2001) (citation and internal quotations omitted). This is particularly true in a Bivens action where "liability is personal, based upon each defendant's own constitutional violations." Trulock v. Freeh, 275 F.3d 391, 402 (4th Cir. 2001).

In the instant case, the plaintiff lists Ronald Morino as a defendant in the style of the case, but never again refers to him in the body of the complaint. Accordingly, there is no indication as to who Mr. Morino is, what is connection to this matter is, or how he violated the plaintiff's constitutional rights. Thus, the plaintiff fails to state a claim for which relief can be granted, and Mr. Marino should be dismissed as a defendant. See Weller v. Dept. of Social Servs., 901 F.2d 387 (4th Cir. 1990) (dismissal proper where there were no allegations against defendants).

## IV. Recommendation

In consideration of the foregoing, it is the undersigned's recommendation that the plaintiff's complaint be dismissed with prejudice against Jim Ielapi, Wexford Health Sources, Teresa Waid, Commission Jim Rubenstein, and Ronald Morino, and that said defendants be terminated from this matter. It is further recommended that Fred Queen and David Proctor be served with a copy of this complaint so that they can respond to the claims made against them.

Any party may file within ten (10) days after being served with a copy of this Recommendation

with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Frederick P. Stamp, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as shown on the docket. The Clerk of the Court is further directed to provide a copy of this Report and Recommendation to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Filing in the United States District Court.

DATED: May 15, 2009

                                         /s/ James E. Seibert
                                         JAMES E. SEIBERT
                                         UNITED STATES MAGISTRATE JUDGE