IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


ROBIN L. GOLDSMITH,

        Plaintiff,

v.                                       Civil Action No. 5:08CV171
                                                              (STAMP)
FRED QUEEN, Facilities
Maintenance Instructor, Prunytown
Correctional Center, JIM IELAPI,
Warden, Prunytown Correctional Center,
D.O. DAVID PROCTOR, Huttonsville
Correctional Center, WEXFORD HEALTH
SOURCES, TERESA WAID, Warden,
Huttonsville Correctional Center,
COMMISSIONER JIM RUBENSTEIN, West
Virginia Division of Corrections,
and RONALD MORINO,

        Defendants.


                   **MEMORANDUM OPINION AND ORDER**
                   **AFFIRMING AND ADOPTING REPORT AND**
                   **RECOMMENDATION OF MAGISTRATE JUDGE**

                        I.  Procedural History

    The pro se[1] plaintiff, Robin L. Goldsmith, filed a complaint

pursuant to 42 U.S.C. § 1983, in which he alleges constitutional

violations relating to an injury he suffered while using a

jackhammer on an educational assignment for which he received no

safety training or instruction.  The case was referred to United

States Magistrate Judge James E. Seibert for initial review and

recommendation pursuant to Local Rule of Prisoner Litigation

Procedure 83.01 et seq. and 28 U.S.C. §§ 1915(e) and 1915A.  The

---

    [1]"Pro se" describes a person who represents himself in a court
proceeding without the assistance of a lawyer.  Black's Law
Dictionary 1237 (7th ed. 1999).

magistrate judge issued a report and recommendation recommending that the plaintiff's complaint be dismissed in part as to certain defendants, and that the plaintiff's civil action proceed against other defendants. The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within ten days after being served with a copy of the magistrate judge's recommendation. The parties filed no objections. For the reasons set forth below, this Court affirms and adopts the magistrate judge's report and recommendation.

## II. Facts

In his complaint, the plaintiff alleges that while on an educational assignment in facilities maintenance at Prunytown Correctional Center, he was placed in operation of a jackhammer without receiving safety training or instruction on its proper use. According to the plaintiff, he severed a portion of his finger on his left hand while using the jackhammer to complete work on a sidewalk. The plaintiff further claims that he was not transported to a hospital for treatment until approximately four hours after the injury. He also states that since his injury, has been deprived of adequate medical care, first at Prunytown Correctional Center, and later, at Huttonsville Correctional Center. The plaintiff alleges that he continues to suffer constant pain as a result of the injury. As relief, he seeks compensatory damages and

an order directing the West Virginia Department of Corrections to repair his injury properly.

### III. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. However, failure to file objections to the magistrate judge's proposed findings and recommendations permits the district court to review the recommendation under the standards that the district court believes are appropriate and, under these circumstances, the parties' right to de novo review is waived. See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Here, no party filed objections. Accordingly, this Court reviews the report and recommendation of the magistrate judge for clear error.

### IV. Discussion

A. Defendant Wexford Health Sources

Title 42, United States Code, Section 1983 provides redress for state action which deprives a citizen of a right, privilege or immunity ensured by the Constitution or law of the United States. See 42 U.S.C. § 1983. In his report and recommendation, the magistrate judge recommended that the plaintiff's complaint as to Wexford Health Sources be dismissed. Section 1983 prohibits any "person" from causing a deprivation of legal rights to any United States citizens under the color of State law. However, the magistrate judge found that Wexford Health Sources does not

3

constitute a "person" for the purposes of 42 U.S.C. § 1983. See Will v. Mich. Dept. of State Police, 491 U.S. 58, 71 (1989) (holding that "[n]either a State nor its officials acting in their official capacity are 'persons' under §1983"); see also Roach v. Burch, 825 F. Supp. 116, 117 (N.D. W. Va. 1993) (the West Virginia Regional Jail Authority is "in effect the State of West Virginia" and is not a person under § 1983); Preval v. Reno, 203 F.3d 821, 821 (4th Cir. 2000) (unpublished) ("the Piedmont Regional Jail is not a 'person,' and is therefore not amenable to suit under 42 U.S.C. § 1983"). This Court finds no clear error in the magistrate judge's conclusion that Wexford Health Sources is not a proper party to this action.

B. Defendants Jim Ielapi, Teresa Waid, and Jim Rubenstein

The magistrate judge, in his report and recommendation, recommended that defendants Jim Ielapi, Teresa Waid, and Jim Rubenstein be dismissed from this case because the plaintiff fails to state a claim for which relief can be granted against these defendants. The magistrate judge correctly noted that "liability will only lie where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights," Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977), or where a subordinate acts pursuant to a policy or custom for which the supervisor is responsible. Fisher v. Wash. Metro. Area Transit Auth., 690 F.2d 1133, 1143 (4th Cir. 1982), abrogated on other grounds by County of Riverside v. McLaughlin, 500 U.S. 44 (1991).

4

In this case, the magistrate judge determined that the plaintiff failed to make any specific allegations that defendants Ielapi, Waid, and Rubenstein were personally involved in any alleged deprivation of the plaintiff's constitutional rights. Rather, he names them only in their official capacities, which the magistrate judge construed to be their supervisory capacities. However, to the extent that the plaintiff seeks to name defendants Ielapi, Waid, and Rubenstein in their supervisory capacities, his claims must fail, as the magistrate judge correctly concluded. A supervisor may be liable under § 1983 if the following elements are established: "(1) the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a 'pervasive and unreasonable risk' of constitutional injury to citizens like the plaintiff; (2) the supervisor's response to that knowledge was so inadequate as to show 'deliberate indifference to or tacit authorization of the alleged offensive practices;' and (3) there was an 'affirmative casual link' between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff." Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994), cert. denied, 513 U.S. 813 (1994). This Court finds no clear error in the magistrate judge's determination that the plaintiff fails to any allegations showing the required elements for personal or supervisory liability against these defendants.[2]

---

[2]Rule 8(a) of the Federal Rules of Civil Procedure states, in pertinent part, that "[a] pleading that states a claim for relief must contain . . . (2) a short and plain statement of the claim

In sum, because the plaintiff fails to state a claim upon which relief can be granted as to defendants Ielapi, Waid, and Rubenstein, the plaintiff's claims against these defendants must be dismissed.

C.  Defendant Ronald Morino

As to defendant Ronald Morino, the magistrate judge recommended that the plaintiff's complaint be dismissed for failure to state a claim. The magistrate judge found that the complaint contains insufficient allegations to ascertain the plaintiff's claims against this defendant. Although the plaintiff lists Morino's name in the caption of his complaint, there is no further reference to this defendant in the body of the complaint. Merely naming a defendant forms an inadequate basis for determining the plaintiff's cause or causes of action. See Weller v. Dep't. of Social Servs., 901 F.2d 387 (4th Cir. 1990) (dismissal proper where there were no allegations against defendants). The magistrate judge's determination that the complaint must be dismissed as to defendant Morino is not clearly erroneous.

---

showing that the pleader is entitled to relief." "And, although the pleading requirements of Rule 8(a) are very liberal, more detail often is required than the bald statement by plaintiff that he has a valid claim of some type against defendant." Migdal v. Rowe Price-Fleming Int'l, Inc., 248 F.3d 321, 326 (4th Cir. 2001) (citation and internal quotations omitted). This is especially true under § 1983 where liability is "personal, based upon each defendant's own constitutional violations." Trulock v. Freeh, 275 F.3d 391, 402 (4th Cir. 2001).

D.  <u>Defendants Fred Queen and David Proctor, D.O.</u>

The plaintiff asserts that defendant Queen, who is the facilities maintenance instructor at Prunytown, Correctional Center, failed to provide proper instruction on the safe use and handling of a jackhammer and that this failure led to the plaintiff's injury. The magistrate judge found that, construed liberally, the plaintiff's complaint alleges a claim of deliberate indifference against defendant Queen and that, accordingly, he should be made to answer the allegation.

The magistrate judge also found that the plaintiff's complaint against defendant David Proctor, D.O., sets forth sufficient allegations to state a claim for deliberate indifference with respect to the medical treatment provided to the plaintiff. Therefore, he recommends that defendant Proctor be ordered to respond to the complaint.

In sum, upon due consideration of the claims alleged in the complaint, the magistrate judge recommended that the plaintiff's claims against defendant Queen and defendant Proctor be permitted to proceed, and that these defendants be made to answer the complaint. This Court finds no clear error in the magistrate judge's recommendation.

V.  <u>Conclusion</u>

Because the parties have not objected to the report and recommendation of the magistrate judge, and because this Court finds that the magistrate judge's recommendation is not clearly

erroneous, the ruling of the magistrate judge is hereby AFFIRMED and ADOPTED in its entirety. Accordingly, for the reasons set forth above, the plaintiff's § 1983 claims against defendants Wexford Health Sources, Jim Ielapi, Teresa Waid, Jim Rubenstein, and Ronald Morino are DISMISSED. The plaintiff's claims against defendants Fred Queen and David Proctor, D.O., shall PROCEED, and those defendants shall be SERVED with a copy of a twenty (20) day summons and the complaint through the United States Marshals Service.

Moreover, this Court finds that the plaintiff was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action will result in a waiver of appellate rights. Thus, the plaintiff's failure to object to the magistrate judge's proposed findings and recommendation bars the plaintiff from appealing the judgment of this Court. See 18 U.S.C. § 636(b)(1); Wright v. Collins, 766 F.2d 841, 845 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this memorandum opinion and order to the pro se plaintiff by certified mail and to counsel of record herein.

DATED:    June 29, 2009

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE