IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ROBIN L. GOLDSMITH,

    Plaintiff,

v.                                  Civil Action No. 5:08CV171
                                                  (STAMP)

FRED QUEEN,
Facilities Maintenance Instructor,
Pruntytown Correctional Center,
JIM IELAPI, Warden,
Pruntytown Correctional Center,
D.O. DAVID PROCTOR,
Huttonsville Correctional Center,
WEXFORD HEALTH SOURCES,
TERESA WAID, Warden,
Huttonsville Correctional Center,
COMMISSIONER JIM RUBENSTEIN,
West Virginia Division of Corrections
and RONALD MORINO,

    Defendants.

**MEMORANDUM OPINION AND ORDER**
**AFFIRMING AND ADOPTING REPORT AND**
**RECOMMENDATION OF MAGISTRATE JUDGE**

I.   Background

The pro se[1] plaintiff, Robin L. Goldsmith, commenced this civil action by filing a complaint pursuant to 42 U.S.C. § 1983, in which he alleges that he was not given safety training and instruction on how to use a jackhammer and, as a result, he severed one quarter of a finger on his left hand while completing an educational assignment at Pruntytown Correctional Center in facilities maintenance. In addition, he alleges he is suffering

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 2009).

constant physical pain because of the injury and that he received inadequate medical care for his injury.  He alleges it was four hours after the injury before he was taken to the hospital.  He alleges further deprivation of adequate medical care at both Pruntytown Correctional Center and Huttonsville Correctional Center.  As relief, the plaintiff seeks a declaratory judgment that the defendants violated his constitutional rights, an order directing the West Virginia Division of Corrections ("WVDOC") to properly repair his injury, and compensatory damages to be determined by a jury.  The case was referred to United States Magistrate Judge James E. Seibert for initial review and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 83.01 et seq. and 28 U.S.C. §§ 1915(e) and 1915A.  On May 15, 2008, the magistrate judge conducted a preliminary review of the file and issued a report and recommendation that the plaintiff's claims against five defendants be dismissed with prejudice.  On June 30, 2009, this Court entered an order affirming and adopting the report and recommendation and directed that Fred Queen ("Queen") and David Proctor ("Proctor") be made to answer the complaint.  The defendants each filed a motion to dismiss, or in the alternative, motion for summary judgment to which the plaintiff did not respond.

On October 26, 2009, Magistrate Judge Seibert issued a report and recommendation recommending that the defendants' motions to dismiss be granted and that the plaintiff's complaint be dismissed

with prejudice as it relates to defendant Proctor for failure to state a claim upon which relief can be granted, and that the plaintiff's complaint be dismissed without prejudice as it relates to defendant Queen for failure to exhaust administrative remedies. The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within ten days after being served with a copy of the magistrate judge's recommendation. The plaintiff filed objections and defendant Queen responded to the plaintiff's objections. For the reasons set forth below, this Court affirms and adopts the report and recommendation of the magistrate judge.

## II. <u>Applicable Law</u>

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a <u>de novo</u> review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." <u>See</u> <u>Webb v. Califano</u>, 468 F. Supp. 825 (E.D. Cal. 1979). Because the plaintiff has filed objections, this Court will undertake a <u>de novo</u> review as to those portions of the report and recommendation to which objections were made.

3

III. Discussion

A. Defendant Queen

The magistrate judge recommended that the plaintiff's civil action be dismissed against defendant Queen for failure to exhaust administrative remedies. Under the Prison Litigation Reform Act ("PLRA"), a prisoner bringing an action under any federal law, must first exhaust all available administrative remedies. 42 U.S.C. § 1997e. Exhaustion under § 1997e is mandatory, Booth v. Churner, 532 U.S. 731, 741 (2001), and applies to "all inmate suits about prison life." Porter v. Nussle, 534 U.S. 516, 532 (2002). If failure to exhaust is apparent from the complaint, federal courts have the authority pursuant to 28 U.S.C. § 1915 to dismiss the case sua sponte. Anderson v. XYZ Correctional Health Servs., Inc., 407 F.3d 674, 682 (4th Cir. 2005). Actions brought pursuant to 42 U.S.C. § 1983 are subject to administrative exhaustion requirements of the PLRA. Porter, 534 U.S. at 524.

The WVDOC formal administrative process is structured as a three-tiered grievance system. WVDOC Policy Directive 335.00. First, an inmate must submit a G-1 Grievance Form to the unit supervisor. Id. at 335.00(A)(1). For inmates who do not obtain satisfactory relief at the first tier, the second tier allows the inmate to file a G-2 Grievance Form with the warden or administrator. Id. at 335.00(B). The third, and final, tier of the formal administrative process is an appeal to the Commissioner of the Division of Corrections. Id. at 335.00(C). An inmate's

administrative remedies thus are considered exhausted only after pursuing a final appeal to the Commissioner of the Division of Corrections.

Proper exhaustion of a PLRA or § 1983 claim requires an inmate to file timely and procedurally sound administrative grievances in compliance with the WVDOC's administrative grievance process as outlined above. See Woodford v. Ngo, 548 U.S. 81, 90-91 (2006) ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings.").

Here, the plaintiff asserts that he presented the facts related to his complaint in the grievance procedure, but has not supplied any proof that he exhausted his administrative remedies. Jim Ielapi, the Pruntytown Correctional Center Warden, supplied an affidavit stating that he never received a grievance from the plaintiff related to any complaint of lack of training or supervision related to the jackhammer incident, which is the subject of the plaintiff's complaint. The plaintiff has not presented evidence to counter the affidavit. Thus, the magistrate judge recommended that the plaintiff's complaint be dismissed for failure to properly exhaust his administrative remedies. Based upon a de novo review, this Court agrees in the magistrate judge's recommendation that the claim against defendant Queen must be dismissed.

5

B.  <u>Defendant Proctor</u>

The plaintiff asserts that defendant Proctor violated his constitutional rights by being deliberately indifferent to his medical needs. A plaintiff must show that the defendant acted with deliberate indifference to his serious medical needs in order to state a claim under the Eighth Amendment for ineffective medical assistance. <u>Estelle v. Gamble</u>, 429 U.S. 97, 104 (1976). A medical condition is serious in two circumstances. First, a serious medical condition exists when it has been diagnosed by a physician as mandating treatment, or the condition is so obvious that even a lay person would recognize the need for medical care. <u>Gaudreault v. Municipality of Salem, Mass.</u>, 923 F.2d 203, 208 (1st Cir. 1990), <u>cert. denied</u>, 500 U.S. 956 (1991). Second, a medical condition is serious if a delay in treatment causes a lifelong handicap or permanent loss. <u>Monmouth County Corr. Inst. Inmates v. Lanzaro</u>, 834 F.2d 326, 347 (3d Cir. 1987), <u>cert. denied</u>, 486 U.S. 1006 (1988).

Moreover, to succeed on an Eighth Amendment "cruel and unusual punishment" claim, a prisoner must prove the following elements: (1) the deprivation of a basic human need was objectively "sufficiently serious"; and (2) the prison official subjectively acted with a "sufficiently culpable state of mind." <u>Wilson v. Seiter</u>, 501 U.S. 294, 298 (1991). This second subjective component is satisfied when the prison official acts with deliberate indifference. <u>Id.</u> at 303. In <u>Miltier v. Beorn</u>, 896 F.2d 848, 851

6

(4th Cir. 1990), the court held that "[t]o establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness."

In this case, Magistrate Judge Seibert recommends that the Eighth Amendment claim against defendant Proctor must be dismissed because the plaintiff cannot satisfy either component of his Eighth Amendment claim. Particularly, the magistrate judge found that the only specific allegation made regarding the plaintiff's medical care was a four-hour delay between the time his finger was severed at Pruntytown and his transport to the hospital. Defendant Proctor is the doctor at Huttonsville Correctional Center, thus he could not have been responsible for this delay. The general allegation that the plaintiff is receiving inadequate care at Huttonsville and Pruntytown is not supported, other than naming defendant Proctor. The plaintiff does not make a specific allegation regarding any failure on the part of defendant Proctor that supports a claim for deliberate indifference. Based upon a de novo review, this Court agrees in the magistrate judge's recommendation that the claim against defendant Proctor must be dismissed.

## IV. Conclusion

Because, after a de novo review, this Court concludes that the magistrate judge's recommendation is proper and the plaintiff's objections thereto lack merit, this Court hereby AFFIRMS and ADOPTS

7

the magistrate judge's report and recommendation in its entirety. Accordingly, the plaintiff's complaint is DISMISSED WITH PREJUDICE against defendant David Proctor and DISMISSED WITHOUT PREJUDICE against defendant Fred Queen. It is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Should the plaintiff choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on the issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 30 days after the date of the entry of the judgment order.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this memorandum opinion and order to the pro se plaintiff by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is directed to enter judgment on this matter.

DATED: November 9, 2009

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE