IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ROBIN L. GOLDSMITH,

    Plaintiff,

v.                                Civil Action No. 5:08CV171
                                         (STAMP)
FRED QUEEN,
Facilities Maintenance Instructor,
Pruntytown Correctional Center,
JIM IELAPI, Warden,
Pruntytown Correctional Center,
D.O. DAVID PROCTOR,
Huttonsville Correctional Center,
WEXFORD HEALTH SOURCES,
TERESA WAID, Warden,
Huttonsville Correctional Center,
COMMISSIONER JIM RUBENSTEIN,
West Virginia Division of Corrections
and RONALD MORINO,

    Defendants.

**MEMORANDUM OPINION AND ORDER
DENYING AS FRAMED THE PLAINTIFF'S
MOTION FOR PAYMENT OF MEDICAL EXPENSES**

I. <u>Background</u>

On December 4, 2009, the plaintiff in the above-styled civil action filed a motion for the payment of medical bills for an injury in which he severed one quarter of a finger on his left hand while completing an educational assignment at Pruntytown Correctional Center in facilities maintenance. The plaintiff alleged that the West Virginia Division of Corrections ("WVDOC") did not train him on how to use a jackhammer or provide him with safety instructions. He also alleged that the WVDOC deprived him of adequate medical care. As relief, plaintiff sought compensatory

damages and an order directing the WVDOC to repair his injury properly.

On June 30, 2009, this Court affirmed and adopted the Report and Recommendation of Magistrate Judge Seibert dismissing the claims against defendants Wexford Health Sources, Jim Ielapi, Teresa Waid, Jim Rubenstein, and Ronald Morino, but allowing the claims against defendants Fred Queen and David Proctor to proceed. Then, on November 9, 2009, this Court affirmed and adopted the Report and Recommendation of Magistrate Judge Seibert dismissing without prejudice the plaintiff's complaint against defendant Queen and dismissing with prejudice the plaintiff's complaint against defendant Proctor. This Court dismissed the plaintiff's claim against defendant Queen without prejudice because the plaintiff failed to exhaust his administrative remedies as required under the Prison Litigation Reform Act ("PLRA"). This Court dismissed the plaintiff's claim against defendant Proctor with prejudice because the plaintiff did not make a specific allegation regarding any failure on the part of defendant Proctor that supported a claim for deliberate indifference.

## II. Discussion

As a preliminary matter, this Court notes that the plaintiff did not serve his motion for medical expenses on the government. A certificate of service is required for all filings. L. R. Gen. P. 5.06(e). Nevertheless, this Court will rule on the plaintiff's motion.

In this motion, the plaintiff alleges the same set of facts as the complaint and asks that the WVDOC take care of his medical expenses. The plaintiff is not clear whether he seeks a remedy against only the WVDOC or against every named defendant. The plaintiff states that he has submitted a G-1 Grievance form. The WVDOC formal administrative process is structured as a three-tiered grievance system. WVDOC Policy Directive 335.00. First, an inmate must submit a G-1 Grievance Form to the unit supervisor. Id. at 335.00(A)(1). For inmates who do not obtain satisfactory relief at the first tier, the second tier allows the inmate to file a G-2 Grievance Form with the warden or administrator. Id. at 335.00(B). The third, and final, tier of the formal administrative process is an appeal to the Commissioner of the Division of Corrections. Id. at 335.00(C). An inmate's administrative remedies thus are considered exhausted only after pursuing a final appeal to the Commissioner of the Division of Corrections.

The plaintiff has still not exhausted his administrative remedies. See Woodford v. Ngo, 548 U.S. 81, 90-91 (2006) ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings."). Accordingly, the plaintiff's motion for medical expenses must be denied.

The plaintiff did not appeal either memorandum opinion and order of this Court. To the extent the plaintiff's motion is a

motion for reconsideration or a motion to reopen, this Court finds no cause to reconsider its original orders. This Court has not misapprehended the plaintiff's position or misinterpreted the applicable law in this case. Prudential Securities, Inc. v. LaBland, 151 F.R.D. 678, 679 (D. Kan. 1993). Further, the plaintiff has not presented any new evidence to persuade this Court to alter its decision. Id.

III. Conclusion

For the reasons stated above, the plaintiff's motion for payment of medical expenses is hereby DENIED.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to the pro se plaintiff by certified mail and to counsel of record herein.

DATED:     January 4, 2010

                                    /s/ Frederick P. Stamp, Jr.
                                    FREDERICK P. STAMP, JR.
                                    UNITED STATES DISTRICT JUDGE